

**FILED**

**October 20, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:50 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Tonya Baker | ) | Docket No.   2017-06-0070 |
| | ) | |
| v. | ) | State File No. 72513-2016 |
| | ) | |
| Electrolux, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

**Reversed and Remanded—Filed October 20, 2017**

---

The issue in this interlocutory appeal is whether the employee is entitled to a second authorized treating physician after becoming dissatisfied with the physician the employee selected from a panel.  The employer declined to provide a new treating physician, asserting it had met its statutory obligation of providing reasonable and necessary medical care for the employee's work accident and that, if the employee needed additional medical care, she could return to the physician she selected from a panel.  The trial court ordered the employer to allow the employee to select another treating physician based on a finding that the employee had no authorized treating physician to address her continuing symptoms.  We reverse the trial court's decision and remand the case.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Richard R. Clark, Jr., Nashville, Tennessee, for the employer-appellant, Electrolux

Tonya Baker, Springfield, Tennessee, employee-appellee, pro se

**Factual and Procedural Background**

Tonya Baker ("Employee") suffered an injury to her back on September 19, 2016, when she slipped and fell in water on the floor of Electrolux's ("Employer") facility. Employer accepted the claim as compensable, and Employee received authorized medical care from Dr. Daniel Burval, an orthopedic surgeon whom Employee selected from a panel of physicians.

Employee first saw Dr. Burval on September 21, 2016. The office note from that visit reveals complaints of low back pain with numbness down Employee's right leg. Dr. Burval's impression was a lumbar strain and low back pain with sciatica. He felt "confident this [was] a muscle stretch related injury" and ordered physical therapy and returned Employee to work with restrictions. Employee subsequently returned to Dr. Burval with continued complaints of low back pain. Dr. Burval noted there was "no change in her reflexes or her strength, and she has not had any new injuries." He found "no objective evidence of any neurological compression or instability that could cause the sciatica."

While still seeing Dr. Burval, Employee sought unauthorized treatment at an emergency room and with her primary care physician, though the records of that physician are not included in the record on appeal. Records from the emergency room reflect a diagnosis of "sciatica." The report of a CT scan indicates Employee had disc space narrowing associated with a disc bulge, and a subsequent MRI performed at Dr. Burval's request revealed "degenerative changes at L4-L5 and L5-S1 without evidence of nerve root impingement or canal stenosis." The record also contains a note from a nurse practitioner indicating that Employee had not complained of low back problems prior to her fall at work and that her complaints were related to her fall.

Employee became dissatisfied with Dr. Burval because she believed he was not being thorough and because she did not like the way he examined her. She acknowledged that Dr. Burval had examined her, treated her with medication, ordered physical therapy, and ordered an MRI. She also testified that she missed several days of work because Employer told her "to stay at home and find out what's wrong with [her on her] own." Although Employee had requested another treating physician, she acknowledged that "no one has told me I can't go back to Dr. Burval." She did not inform Employer she had sought unauthorized treatment.

Following a hearing, the trial court directed Employer to provide Employee a new panel of physicians. In reaching that conclusion, the trial court observed that Dr. Burval did not indicate a plan for Employee to follow up with him and that he "maintained that [Employee] did not have sciatica, despite her sciatic symptoms." The trial court further noted that Employer had fulfilled its obligation to provide authorized medical care, but "when the care failed to resolve the pain she experienced following her work injury, instead of referring [Employee] for other treatment options, Dr. Burval released her from care." The court concluded that Employee had no authorized treating physician to address her complaints.[1] Employer has appealed.

---

[1] Employee requested temporary disability benefits and payment of her unauthorized medical care. The trial court declined to award those benefits, and Employee has not appealed that decision.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2016) ("There shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise."). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, a trial court's conclusions of law are reviewed *de novo* with no presumption of correctness. *See Am. Mining Ins. Co. v. Campbell*, No. M2015-01478-SC-R3-WC, 2016 Tenn. LEXIS 907, at *18 (Tenn. Workers' Comp. Panel Dec. 9, 2016). Moreover, the interpretation and application of statutes and regulations concerns issues of law, which we review *de novo* with no presumption of correctness afforded to the trial court's conclusions. *See Seiber v. Reeves Logging*, 284 S.W.3d 294, 298 (Tenn. 2009); *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App Bd. LEXIS 14, at *9 (Tenn. Workers' Comp. App. Bd. May 18, 2015).

## Analysis

### A.

Initially, we note that Employer cites Tennessee Code Annotated section 50-6-217(a)(3) (2016) (repealed 2017) in support of its argument that the trial court's decision is not supported by substantial and material evidence. Section 50-6-217(a)(3) authorized us to reverse or modify a trial court's decision if the rights of a party were prejudiced because the findings of the trial judge were "not supported by evidence that is both substantial and material in light of the entire record." However, this code section was repealed effective May 9, 2017. Consequently, as noted above, the standard we apply in reviewing the trial court's decision presumes that the trial judge's factual findings are correct unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-239(c)(7).

### B.

Turning to the merits of this appeal, our task is to decide whether the trial court erred in requiring Employer to provide a second panel of physicians from which Employee could select a new treating physician. There is no dispute that Employee suffered a compensable injury or that Employer provided a panel of physicians in accordance with Tennessee Code Annotated section 50-6-204(a)(1)(A) from which Employee selected Dr. Burval. Nor is there any dispute that Employee is entitled to reasonable and necessary medical care stemming from her work accident. Rather,

3

Employer maintains that Employee is not entitled to another authorized treating physician given that she can return to Dr. Burval if she continues to have problems related to her fall. We agree.

The Tennessee Workers' Compensation law contains several statutory provisions governing medical benefits, two of which are involved in this appeal. First, Tennessee Code Annotated section 50-6-204(a)(1)(A) requires an employer to provide injured workers "such medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident as defined in this chapter." Second, injured workers are required to "accept the medical benefits afforded under this section; provided that in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups . . . from which the injured employee shall select one (1) to be the treating physician." Tenn. Code Ann. § 50-6-204(a)(3)(A)(i). We recently applied these statutes and found that an employer was required to provide an employee with a new authorized treating physician when the physician selected from a panel refused to see the employee for his continuing symptoms. *See Limberakis v. Pro-Tech Security, Inc.*, No. 2016-08-1288, 2017 TN Wrk. Comp. App. Bd. LEXIS 53 (Tenn. Workers' Comp. App. Bd. Sept. 12, 2017).

However, the circumstances in this case are different from those in *Limberakis*. In that case, the proof was clear that the employee's authorized physician had refused to continue seeing him, despite the employee's on-going complaints and repeated attempts to return for more treatment. Here, there is no proof that Dr. Burval has declined to see Employee or that she has made any attempt to continue seeing him. Employee acknowledged that "no one has told me I can't go back to Dr. Burval," and the record contains nothing to suggest that Employee has no other option but to seek unauthorized treatment. To the contrary, Employer remains ready and willing to authorize additional reasonable and necessary medical treatment with Dr. Burval. Given these circumstances, we have no difficulty concluding that Employee has an authorized treating physician in compliance with Tennessee Code Annotated section 50-6-204 and is not entitled to a new one.

In addition, the trial court's decision was based in part on its conclusion that "[w]hile Dr. Burval maintained [Employee] did not have sciatica, an emergency room physician and a nurse practitioner disagreed." The trial judge explained that "two providers say she does [have sciatica] and the authorized treating physician says she does not." The record does not support this conclusion. Specifically, Dr. Burval's records do not reflect a belief that Employee does not have sciatica. To the contrary, he stated that her symptoms were indicative of sciatica, but that he could not identify an objective reason for those symptoms. The fact that an emergency room provider and a nurse practitioner diagnosed Employee with sciatica does not conflict with Dr. Burval's findings and is not sufficient to entitle Employee to a new panel of physicians.

4

In short, while Employee may be dissatisfied with her panel selection, she has pointed to no authority that would require Employer to provide another panel of physicians under the circumstances presented. The record contains no evidence to suggest that Dr. Burval is unable or unwilling to treat Employee or that Employee has unsuccessfully attempted to see him. Employer has discharged its statutory obligation to provide medical benefits made reasonably necessary by accident, and Employee is obligated to accept those benefits. S*ee* Tenn. Code Ann. §§ 50-6-204(a)(1)(A) and (a)(3)(A)(i).

## Conclusion

For the foregoing reasons, we hold that the evidence preponderates against the trial court's decision. Accordingly, the trial court's decision is reversed, and the case is remanded for any further proceedings that may be necessary.

**FILED**

**October 20, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 7:50 A.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Tonya Baker | ) | Docket No.   2017-06-0070 |
| | ) | |
| v. | ) | State File No.  72513-2016 |
| | ) | |
| Electrolux, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th day of October, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Tonya Baker** | X | | | | X | 806 Perry Drive Springfield, TN 37172 tbigbee2015@gmail.com |
| **Richard Clark** | | | | | X | rclark@eraclides.com |
| **Joshua D. Baker, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov